UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YORCH MORANTE CUBA,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-3052

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden

[1] Petitioner also filed an emergency motion for a temporary restraining order, expedited review, and immediate release or bond hearing. (ECF No. 1, PageID.6–8.) As set forth herein, the Court will conditionally grant Petitioner's § 2241 petition, which resolves the case. Therefore, Petitioner's emergency motion for a temporary restraining order, expedited review, and immediate release or a bond hearing is moot.

of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.6.) In an order entered on November 10, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 6.) Respondents filed their response and a recording of the October 2, 2026, bond hearing on November 10, 2026.[2] (Resp., ECF No. 7; Recording of Oct. 2, 2026, Bond Hearing, filed on Nov. 10, 2026.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Nicaragua who entered the United States approximately fourteen years ago pursuant to a tourist visa. (Pet., ECF No. 1, PageID.1-3.) Petitioner overstayed his visa, and on June 6, 2026, Petitioner was arrested by ICE. (*Id.*, PageID.3.)

On June 18, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (June 18, 2026 Immigration Judge (IJ) Order, ECF No. 7-3, PageID.49.) The IJ denied bond, finding that Petitioner was a danger to the community. (*Id.*) On August 14, 2026, an IJ denied Petitioner's request for a second bond hearing because Petitioner had not established a material change in circumstances since his first bond hearing. (Aug. 14, 2026 IJ Order, ECF No. 7-3, PageID.51; Recording of Aug. 14, 2026, Bond Hearing, at 13:16–13:34, filed on Nov. 10, 2026.) On October 2, 2026, Petitioner received a second bond hearing pursuant to § 1226(a) after the IJ found Petitioner had established a material change in circumstances. (Oct. 2, 2026 IJ Order, ECF No. 7-3, PageID.55; Recording of Oct. 2, 2026, Bond Hearing, at 12:05–12:50, filed on Nov. 10, 2026.) At the conclusion of the bond hearing, the IJ denied Petitioner's request for bond, stating: "The

[2] Respondents provided the audio recordings of all three of Petitioner's hearings. The June 18, 2026 bond hearing is labeled "Doc. 7 (1)," and the August 14, 2026 hearing where Petitioner was denied a second bond hearing because he had not shown a material change in circumstances is labeled "Doc. 7 (2)." The October 2, 2026 bond hearing recording at issue here is labeled "Doc. 7 (3)."

[Petitioner] has not met his burden to show he's not a danger to the community." (Recording of Oct. 2, 2026, Bond Hearing, at 12:53–13:05, filed on Nov. 10, 2026.) In the IJ's written order denying bond, the IJ stated: "[Petitioner] is a danger to the community." (Oct. 2, 2026, IJ Order, ECF No. 7-3, PageID.55.)

**III. Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 17, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge